UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

G&G CLOSED CIRCUIT EVENTS,
LLC, AS BROADCAST LICENSEE OF
THE MAY 8, 2021 SAUL CANELO
ALVAREZ V. BILLY JOE SAUNDERS
CHAMPIONSHIP FIGHT PROGRAM;

  *Plaintiff*,

v.

  Case No.  SA-24-CV-00450-JKP

800 LIVE ENTERTAINMENT LLC,
STANLEY WINSTON,

  *Defendants*.

### MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Default Judgment. *ECF No. 16*. Defendants did not respond. Upon consideration, the Court GRANTS the Motion and enters Default Judgment against Defendants.

**Factual Background**

Following sufficient service of summons upon Defendants and their failure to file an Answer or otherwise appear, Plaintiffs obtained an entry of default and filed the pending Motion for Default Judgment. *ECF No. 17.* On January 15, 2025, this Court entered a Show Cause Order directing Defendants to file an Answer to the Complaint and a Response to the Motion for Default Judgment providing reasons default judgment should not be entered against them pursuant to Rule 55 on or before February 7, 2025. *ECF No. 19.* The Court admonished Defendants that should they fail to file an Answer and Response to the Motion for Default Judgment and should

Defendants fail to show good cause for their delay, the Court will consider Plaintiffs' Motion for Default Judgment as unopposed and may enter default judgment against Defendants. Defendants did not respond to the Show Cause Order and did not file an Answer. The Court now considers the Motion for Default Judgment as unopposed.

**Legal Standard**

Federal Rule of Civil Procedure 55 provides the conditions upon which a default may be entered against a party, as well as the procedure to seek the entry of default judgment. Fed. R. Civ. P. 55. A movant must satisfy three procedural requisites to secure a default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a party must properly serve the defendant, and default occurs when the defendant fails to plead or otherwise defend against the action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered when the default is established "by affidavit or otherwise." *Id.*; *New York Life Ins. Co.*, 84 F.3d at 141. Finally, upon satisfaction of the first two requirements, a party must move for a default judgment. Fed. R. Civ. P. 55(b); *New York Life Ins. Co.*, 84 F.3d at 141.

Still, standing alone, a defendant's default does not entitle a plaintiff to a default judgment, as the decision whether to grant a default judgment is within the district court's discretion. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam). "Default judgments are a drastic remedy, not favored by the Federal Rules" and are available "only when the adversary process has been halted because of an essentially unresponsive party." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Any doubt as to whether to enter a default judgment must be resolved in favor of the defaulting party. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998); *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, No. 3:12-CV-4194, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013).

At the third procedural requisite, the Motion for Default Judgment, courts apply a two-part process to determine whether a default judgment should be entered. *Fed. Election Comm'n v. Defend Louisiana PAC*, No. CV 21-00346, 2022 WL 2911665, at *6 (M.D. La. July 22, 2022).

First, a court must consider whether the entry of default judgment is procedurally warranted, that is, whether default judgment is appropriate under the circumstances. *Lindsey*, 161 F.3d at 893. Several factors are relevant to this inquiry, including the following: (1) whether there are material issues of fact; (2) whether there has been substantial prejudice; (3) whether the grounds for default have been clearly established; (4) whether the default was caused by excusable neglect or good faith mistake; (5) the harshness of the default judgment; and (6) whether the court would think itself obliged to set aside the default on a motion by Defendant. *Id.*

Second, courts assess the substantive merits of the plaintiff's claims to determine whether there is a sufficient basis in the pleadings for a default judgment. *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975); *J & J Sports Productions, Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 814 (N.D. Tex. 2015). In doing so, courts are to assume, that due to its default, the defendant admits all well-pleaded facts in the plaintiff's complaint. *Nishimatsu Constr. Co., Ltd.,* 515 F.2d at 1206. However, a "defendant is not held to admit facts that are not-well pleaded or to admit conclusions of law." *Id.* Consequently, at this second step, the court must review the plaintiff's Complaint to determine whether the plaintiff asserts a viable claim for relief. *Id.*; *J & J Sports Productions, Inc.*, 126 F. Supp. 3d at 814. Finally, the court must determine what form of relief, if any, the plaintiff should receive in the case. *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *RLI Ins. Co. v. 2 G Energy Sys., LLC*, 581 F. Supp. 3d 817, 823 (W.D. Tex. 2020).

## Discussion

**1. Initial Procedural Requisites**

The record reveals Defendants failed to file an Answer after sufficient substitute service and expiration of the appropriate deadline and failed to otherwise appear or defend this action. *ECF Nos. 9-14.* This Court issued an Order of entry of default against Defendants, satisfying the

first two procedural requisites for a default judgment. *ECF No. 17*. G&G Closed Circuit filed this Motion for Default Judgment. *ECF No. 16.*

Accordingly, G&G Closed Circuit satisfied all procedural requisites to seek default judgment against Defendants. *See* Fed. R. Civ. P. 55.

**2. Substantive Merit of Default Judgment**

**Step One: Whether Default Judgment Is Appropriate**

Federal Rule 55 permits a default judgment as the consequence of a defendant's failure to answer should other circumstances also support this harsh remedy. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000); *Bonanza Intern., Inc. v. Corceller*, 480 F.2d 613, 614 (5th Cir. 1973).

The record reveals the Court gave Defendants ample notice and opportunity to file an Answer or otherwise appear as required by Rule 55. The record also reveals Defendants failed to respond to the Court's Show Cause Order. Such failure to respond to a court order constitutes sufficient grounds for a default judgment. *McGrady v. D'Andrea Electric, Inc.*, 434 F.2d 1000 (5th Cir. 1970); *Flaksa v. Little River Marine Construction Co.*, 389 F.2d 885 (5th Cir.), cert. denied, 392 U.S. 928 (1968).

Because Defendant failed to file any responsive pleadings, there are no material facts in dispute and the grounds for default are "clearly established." *See Lindsey*, 161 F.3d at 893; *see also Nishimatsu Constr.*, 515 F.2d at 1206; *RLI Ins. Co. v. 2 G Energy Sys., LLC*, 581 F. Supp. 3d 817, 824–25 (W.D. Tex. 2020). Defendants' failure to respond threatens to prejudice G&G Closed Circuit's undisputed interest. *See* id. Nothing before the Court indicates Defendants' silence is the result of a good faith mistake or excusable neglect.

For these reasons, the Court finds default judgment is procedurally warranted.

**Step Two: Whether There is a Sufficient Basis in the Pleadings for the Judgment**

Due to the entry of default, Defendants are deemed to have admitted the allegations outlined in the Complaint. *See Nishimatsu Constr.*, 515 F.2d at 1206. Nonetheless, the Court must review the pleadings to determine whether G&G Closed Circuit plead a sufficient basis for its claim for relief under Federal Rule 8. *See id.*

In the Complaint, G&G Closed Circuit set forth facts, now deemed as true based upon Defendants' failure to answer. G&G Closed Circuit demonstrates it is in the business of marketing and licensing commercial exhibitions of pay-per-view prizefight events, and it possessed the exclusive proprietary rights to exhibit and sublicense the right to exhibit "the Saul 'Canelo' Alvarez v. Billy Joe Saunders Championship Fight Program." G&G Closed Circuit demonstrates on May 8, 2021, Defendants illegally intercepted the closed-circuit telecast of the subject fight, including all of the undercard and preliminary bouts and commentary encompassed in the television broadcast of the event (the "Event") and exhibited the Event in Defendants' commercial establishment without authorization from G&G Closed Circuit and without paying the commercial licensing fee.

Based upon these alleged facts deemed as true, the Court concludes G&G Closed Circuit plead and proved a sufficient basis for the asserted cause of action of the Federal Communications Act of 1934 and requested relief.

**Step Three: Form of Relief**

G&G Closed Circuit holds the burden to establish its entitlement to recovery. *Freeman*, 605 F.2d at 857. Based upon the recognized presentations to this Court and Defendants failure to respond, G&G Closed Circuit satisfied this burden. Consequently, the Court awards default-judgment relief of: (1) Statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) from De-

fendants, jointly and severally, in the amount of $10,000.00; (2) Additional damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) from Defendants, jointly and severally, in the amount of $50,000.00; (3) Attorney fees in the amount of one-third (1/3) of recovery, or alternatively the hourly time presented in the Declaration of David M. Diaz (for prosecution of this case through default judgment); along with attorney's fees for post-trial and appellate services; (4) Costs and post-judgment interest in the amount of 4.1%.

The Court concludes the requested damages and relief is appropriate and will enter judgment to that effect. G&G Closed Circuit shall recover costs and attorney fees requested pursuant to Federal Rule of Civil Procedure 54(d).

## Conclusion

Based on the foregoing, the Court **GRANTS** G&G Closed Circuit's Motion for Default Judgment. Final Judgment will issue separately.

It is so ORDERED.
SIGNED this 10th day of February, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE