UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

G&G CLOSED CIRCUIT EVENTS,
LLC, AS BROADCAST LICENSEE OF
THE MAY 8, 2021 SAUL CANELO
ALVAREZ V. BILLY JOE SAUNDERS
CHAMPIONSHIP FIGHT PROGRAM;

Case No. SA-24-CV-00450-JKP

*Plaintiff*

v.

800 LIVE ENTERTAINMENT LLC,
STANLEY WINSTON,

*Defendants*

## FINAL DEFAULT JUDGMENT

Before the Court is Plaintiff's Motion for Final Default Judgment & Brief in Support filed by Plaintiff G&G Closed Circuit Events, LLC ("Plaintiff"). Upon consideration of the Motion, the accompanying brief and evidence, the pleadings on file and the relevant authorities, the Court concludes that Plaintiff has established that it is an aggrieved party under the Federal Communications Act, 47 U.S.C. §§ 553 and 605 and recognizes Plaintiff's election to seek statutory damages. The Court also concludes that it has jurisdiction over the subject matter and parties to this action; that Defendants 800 Live Entertainment LLC, individually, and d/b/a 800 Live and Stanley Winston, individually, and d/b/a 800 Live (collectively referred to as the "Defendants") failed to answer or otherwise defend as provided by the Federal Rules of Civil Procedure following proper service; that the allegations in Plaintiff's Original Complaint are

deemed admitted against Defendants; that Defendants exhibited the closed circuit May 8, 2021, Saul "Canelo" Alvarez v. Billy Joe Saunders Championship Fight Program, including the undercard or preliminary bouts and commentary, without authorization from Plaintiff; and that Defendants actions were willful and for purposes of direct or indirect commercial advantage or private financial gain. Therefore, additional damages are warranted in this action.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED:

1. That Judgment by default be entered in favor of Plaintiff and against Defendants.

2. That Plaintiff recover statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) from Defendants, jointly and severally, in the amount of $10,000.00.

3. That Plaintiff recover additional damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) from Defendants, jointly and severally, in the amount of $50,000.00.

4. That Plaintiff recover attorneys' fees from Defendants, jointly and severally, in the amount of $20,000.00; along with attorney's fees for post-trial and appellate services.

5. That Plaintiff recover the following conditional awards of attorney's fees from Defendants, jointly and severally, in the following circumstances:

a. Ten Thousand Dollars ($10,000.00) in the event a Defendants files a motion to vacate, Rule 60 motion, motion for new trial, motion for reconsideration or other post-judgment, pre-appeal motion that does not result in a reversal of the Judgment obtained in this action;
b. Twenty-Five Thousand Dollars ($25,000.00) in the event a Defendants files an appeal to the Fifth Circuit Court of Appeals that does not result in a reversal of the Judgment obtained in this action;
c. Five Thousand Dollars ($5,000.00) in the event a Defendants files a motion for rehearing or reconsideration in the Court of Appeals that does not result in a reversal of the Judgment obtained in this action;
d. Twenty-Five Thousand Dollars ($25,000.00) for making and/or responding to a petition for certiorari to the U.S. Supreme Court that does not result in a reversal of the Judgment obtained in this action;
e. Seventy-Five Thousand Dollars ($75,000.00) for an appeal to the United States Supreme Court in the event a petition for certiorari review is granted and does not result in a reversal of the Judgment obtained in this action; and

      f. For collection of the Judgment, Two Thousand Five Dollars ($2,500.00) each time Plaintiff obtains a writ of execution, writ of garnishment, writ of attachment or other post-judgment writ.

      6. The Court also awards Plaintiff court costs and post-judgment interest on the amounts awarded herein at an annual rate of 4.1% from the date of this Judgment until paid.

      7. All writs and process for the enforcement and collection of this Judgment may issue as necessary. In connection with any Writ of Execution in this case, the Court directs the United States Marshals Service to use any means or force reasonably necessary to satisfy this Judgment.

      8. This Judgment is a final judgment.

      SIGNED this 10th day of February, 2025.

*/s/ Jason Pulliam*
JASON PULLIAM
UNITED STATES DISTRICT JUDGE